E. L. POTTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25544. Promulgated July 18, 1930.

*J. B. Grice, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

BLACK: Petitioner complained of the disallowance by the respondent of (1) bad debt against one Crow, $300, charged off as worthless in 1922; (3) loss on investment in two promissory notes of J. P. Mace, $625; (4) traveling expenses of petitioner, $269.56. The burden of proof in showing that the respondent erred in refusing to allow these items as deductions from gross income was on petitioner and this burden he has failed to meet. In the absence of sufficient evidence to overturn the action of the respondent, his disallowance of these three items as deductions from petitioner's gross income in 1922 is approved.

Relative to the claims for deductions for attorney fees and repairs, we think it clear that petitioner made the payments as claimed. The repairs made to the house were merely to put it into a usable condition in order that it could be rented out and produce income. There was no remodeling, and there were no alterations, replacements, or additions tending to materially increase the value of the property. The evidence shows that the expenses for these repairs were not capital expenditures. Under the circumstances, petitioner is entitled to the $900 deduction for repairs. *Illinois Merchants Trust Co.*, 4 B. T. A. 103.

The claim for deduction of $3,000 for attorney fees raises the question whether an individual who is not named as a party defendant in an action, but who will be substantially affected by its result, may employ attorneys to defend it and protect his interests and deduct the expenditure as ordinary and necessary business expense.

We held in *Elmore L. Potter*, 18 B. T. A. 549, which was this same taxpayer, and we now hold, that he was engaged regularly in the business of financing and managing hotels as a regular vocation.

The action filed against the Clarendon Hotel not only asked enforcement of mortgages, but sought to take the management of the hotel away from petitioner and put it into the hands of a receiver, thus jeopardizing his investment in $150,000 of its common stock and $85,000 of its preferred stock. The litigation was terminated in the following year by a settlement involving purchase of petitioner's stock at a loss to him.

In the case of *Edward A. Pierce*, 18 B. T. A. 447, we held that, where a member of a partnership engaged in the stock brokerage business contributed from his personal funds to securing evidence to suppress bucket shops, this was an allowable business expense, because it was done to protect his interest in his firm's business. We there said: " One has the right to expend his individual money to protect his business interests whether such interests be in a partner-

ship or a corporation and when the proper necessity is shown such expenditures are deductible as business expenses."

We think that there was a necessity that petitioner protect his interests, as his interests would be vitally affected by the litigation, and that he had a right to employ counsel and deduct the expenditure as a business expense.

Fees expended in suits of this character are allowable as business expenses. *Kornhauser* v. *United States*, 276 U. S. 145; *O'Day Investment Co.*, 13 B. T. A. 1230.

The claim for deduction of $3,000 for attorney's fees is allowed.

*Judgment will be entered under Rule 50.*