H. M. HOWARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33271.   Promulgated February 26, 1931.

*Frank J. Albus, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: We are of the opinion that petitioner should be sustained as to both deductions. The litigation, to terminate which petitioner made a compromise payment of $90,000, and the legal fees incident thereto, grew directly out of the business dealings between Howard and Ebner. The facts bring the case squarely within the ruling of the Supreme Court in *Kornhauser* v. *United States*, 276 U. S. 145. In that case attorney fees incurred incident to an accounting demanded by a former partner were allowed as a business expense. The Court rejected the suggestion that they were personal expenses and after referring to certain departmental rulings and *F. Meyer & Brother Co.*, 4 B. T. A. 481, where a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was held deductible as a business expense, observed:

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. If the expense had been incurred in an action to recover a fee from a client who refused to pay it, the character of

the expenditure as a business expense would not be doubted. In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other.

Incidentally, it is noted that the notice of the deficiency in this case cites as an authority for the disallowance Treasury Decision 3964, which was a verbatim statement of the decision of the Court of Claims holding the legal expenses in the *Kornhauser* case to be personal expenses and not an allowable deduction. After the Supreme Court reversed the Court of Claims and held as above indicated, there was issued Treasury Decision 4222 quoting the Supreme Court's opinion and stating that Treasury Decision 3964 is reversed.

Though the *Kornhauser* case involved only legal fees, we believe the reasoning employed applies equally to the compromise payment made to settle the lawsuit. This expense grew directly out of, and proximately resulted from, the business dealings between the parties. It did not result in the acquisition of any capital assets. See *Louisiana Jockey Club, Inc.*, 13 B. T. A. 752; *Superheater Co.*, 12 B. T. A. 5; *A. King Aitkin*, 12 B. T. A. 692. Nor do we believe it important that petitioner, in his individual capacity, paid the entire sum though other persons were named as parties defendant. Petitioner was the real party in interest, the one who stood to suffer most. See *E. L. Potter*, 20 B. T. A. 252; and *Edward A. Pierce*, 18 B. T. A. 447.

*Judgment will be entered under Rule 50.*