SAMUEL D. LEIDESDORF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48305. Promulgated August 19, 1932.

*Joseph R. Little, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

### OPINION.

ARUNDELL: The respondent disallowed as a deduction the sum of $22,636.52 expended by the petitioner for attorney fees in 1926, and determined a deficiency in income tax in the amount of $5,659.14. The petitioner claims such action to be error, on the ground that the amount was paid in connection with the conduct of a trade or business in which he was engaged.

Since about 1917 the petitioner, in addition to his work as a certified public accountant, has devoted a great deal of his time participating in real estate projects. His activities in that line consisted of determining whether a particular site was suitable for improvement, and, if so, the character of the improvement, the cost thereof and the probable return on any investment made. If a decision was made to acquire and improve the site, a corporation with a nominal capital would be formed for that purpose, and its stock sold to the participants on an agreed basis. The funds for financing the project in excess of loans secured by mortgages were furnished by the parties to the project in proportions agreed upon. The petitioner also conferred with architects and builders while the improvements were being made, and assisted in the management of the properties after the construction work was completed. During 1925 and 1926 the petitioner had an interest in a great many of these corporations.

Since 1917 the petitioner has participated in about seventy of such ventures involving expenditures of at least $50,000,000. The peti-

tioner's participation in these projects ranged from 33⅓ per cent to 50 per cent. The corporations were formed for the purpose of avoiding difficulties in subsequent transfers of the property and personal liability.

The venture giving rise to the litigation in which the sum in controversy was expended for counsel fees involved the acquisition of a site and the erection thereon of an office building known as the Pershing Square Building. The site was purchased at public auction and after selling a portion thereof the remainder was improved. The stock of the Pershing Square Building Corporation, the corporation organized by the petitioner and others for holding title, was purchased by the organizers. The portion acquired by the petitioner was 27 per cent. A like percentage of the stock was purchased by Louis Frankel, and the balance was issued to Henry Mandel. The amount the stockholders were obliged to contribute to retain title to the site was about $478,000.

Louis Frankel was not financially able to participate further in the venture, and during the early part of 1922 he sold his stock to S. W. Straus in consideration of Straus' agreement to pay or cause to be paid to him sums theretofore loaned to the corporation; the original purchase price of his stock, together with a profit thereon of $50,000 and an agreement on the part of petitioner and Mandel to pay him an additional profit of $25,000 for the sale of the stock out of the first profits they earned under their stock. All of the sums agreed to be paid, except the $25,000 payment, were paid, and on February 11, 1922, Frankel transferred his stock to Straus.

In 1925, after the building was completed, Frankel filed suit against petitioner, claiming that he had sold his stock to enable the corporation to obtain funds with which to complete the project, and that the petitioner had agreed to hold his stock in trust for their equal benefit. He demanded, among other things, that a trust be impressed upon the stock held by petitioner; that the stock be delivered to him in accordance with their agreement, and that an accounting be made for profits received on the stock. In its decision rendered May 18, 1926, the court found that the petitioner had never agreed with Frankel that he was to have an interest in his stock; that Frankel sold his stock to Straus without being made subject to such a right, and that after assignment of the stock to Straus, Frankel had no rights of any kind in stock of the Pershing Square Building Corporation.

The petitioner did not receive any profits or dividends on his stock of the Pershing Square Building Corporation prior to the entry of judgment in the suit filed by Frankel.

In support of his contention that the attorney fees are not deductible as ordinary and necessary business expenses, the respondent relies on *Dalton* v. *Bowers*, 56 Fed. (2d) 16; certiorari granted, 286 U. S. 541. In that case Dalton, an inventor, organized a corporation which engaged in the manufacture of articles of his invention only, but sold some small tools incidental to the articles manufactured. He owned all of the corporation's stock, and was its president and treasurer, and also a director. He does not appear to have been engaged in any other activities and the court held that the loss claimed upon dissolution of the corporation resulted from an investment rather than the operation of a trade or business within the meaning of the net loss provisions of the statute. The present case is readily distinguishable. Here, the petitioner's activities in the real estate business were not confined to a single enterprise, but extended to many transactions over a period of years. To each venture he devoted part of his time and money with the hope of realizing gains. The petitioner's interest did not stop with preliminary work incident to the acquisition and improvement of a site, but continued in the management of the improved property. In 1925 and 1926 he still had an interest in many of the corporations that he and others had organized to carry out their ventures. The petitioner's income from his projects came to him in several ways. He received (a) interest on his loans of large sums to the various corporations to make improvements on sites; (b) dividends on his investments in stock of the corporations, and (c) gains on sales of such stock. His participation in projects of the nature described above was sufficiently regular and frequent to constitute a trade or business. See *Richard Croker, Jr.*, 12 B. T. A. 408; *Elmore L. Potter*, 18 B. T. A. 549; *H. M. Howard*, 22 B. T. A. 375.

As the result of the petitioner's participation in the venture taken over by the Pershing Square Building Corporation, he was obliged to defend a suit brought by one of the original parties to the venture. The proceeding instituted was an attack on his right to full enjoyment of his stock and was the direct result of a transaction forming a part of one of petitioner's business ventures. The expense involved in defending the action is one within the rule announced in *Kornhauser* v. *United States*, 276 U. S. 145, and is deductible as an expense paid in carrying on a trade or business. See *Lena G. Hill*, 8 B. T. A. 1159.

*Decision will be entered under Rule 50.*