## CROKER v. BURNET, Commissioner of Internal Revenue.

### No. 5534.

Court of Appeals of the District of Columbia.
Argued Nov. 2, 1932.
Decided Jan. 3, 1933.

Charles H. Berg and Francis L. Driscoll, both of New York City, N. Y., for appellant.

C. M. Charest, of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Frank M. Thompson, Sewall Key, and Morton K. Rothschild, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Board of Tax Appeals sustaining the Commissioner of Internal Revenue in refusing to allow a deduction of certain lawyers' fees claimed to have been paid as ordinary and necessary expenses incurred in carrying on a trade or business under section 214 (a) (1) of the Revenue Act of 1921 (42 Stat. 239).

It appears from the record that on November 26, 1914, the appellant became the wife of Richard Croker, who was then the owner of certain tracts of land near West Palm Beach, Fla. At the time of her marriage appellant had no capital, but with money which her husband gave her and with her interest in lands which he deeded to her she joined him in the business of buying and selling real estate at Palm Beach, West Palm Beach, and other places in Florida. They also bought and sold market securities in New York which they kept at West Palm Beach. Between 1917 and 1919 they jointly acquired numerous pieces of property, and continued in the business of buying and selling real estate and securities.

In March, 1920, a son of Mr. Croker by a former marriage, acting as next friend for his father, instituted a suit against appellant in his father's name seeking to have his father declared incompetent, and to have a guardian appointed for him as a person of unsound mind, and to set aside all transfers of property made by him to appellant. As a consequence of this litigation the real estate and other property belonging to appellant and her husband were tied up, and, with the exception of some personal funds which were released in August, 1920, remained so until 1922, when the suit was finally decided in appellant's favor, and her right to the property was recognized. This occurred shortly after her husband's death in April, 1922.

In defending the suit, appellant's husband expended a large amount of money for attorneys' fees in the year 1920, and in 1922 appellant paid the sum of $6,500 to attorneys for similar services. In computing her income tax liability for 1922, appellant claimed a deduction of $6,500 from her gross income because of the sum paid by her as aforesaid, under the claim that it was an ordinary and necessary expense incurred in carrying on a trade or business. The deduction was disallowed by the Commissioner of Internal Revenue and the Board of Tax Appeals sustained the decision. This appeal was then taken.

The statutes and regulations involved read as follows:

Revenue Act of 1921, c. 136, 42 Stat. 227:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.
* * *

"Sec. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses.
* * * "

Treasury Regulations 62:

"Art. 293. Capital expenditures.— * * * The cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense.
* * * "

It is conceded that appellant and her husband were engaged in the business of dealing in real estate and other forms of property, but the expense now in question did not arise out of any of the transactions of the partnership as such; nor was the suit brought by Mr. Croker's son directed against the partnership. The attorneys whose fees were paid by appellant in 1922 were not concerned with the affairs of the partnership. They were employed to defend appellant's title to the property given to her by her husband. The expenditure accordingly is governed by article 293, supra, as a cost of defending or protecting appellant's title to the property, and it is treated for income tax purposes as a part of the cost of the property, and not as a deductible expense.

In Murphy Oil Co. v. Burnet (C. C. A.) 55 F.(2d) 17, 26, it was held that legal expenses as well as an amount paid in a compromise of a suit alleging fraud in the acquisition of oil properties and seeking an accounting for profits and the restoration of the property constitute capital expenditures and not a deductible business expense.

In Commissioner v. Field (C. C. A.) 42 F.(2d) 820, it was held that attorneys' fees paid out by taxpayer in a suit involving a determination of taxpayer's right to his deceased brother's estate, under his grandfather's will, were held to be capital expenditures, and not deductible as expenses of business.

In appeal of David G. Joyce, 3 B. T. A. 393, it was held by the board that the expenses incurred by a husband in resisting a claim by his wife attacking the validity of a postnuptial agreement which purported to limit and fix their respective rights is not an ordinary and necessary business expense, even though the husband's sole business or occupation was the management and conservation of his estate. See Laemmle v. Eisner (D. C.) 275 F. 504.

Appellant cites the case of Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505, as an authority for her contention, but this claim is not correct. In that case it is said: "The basis of these holdings seems to be that where a suit or action against a taxpayer is rightly connected with, or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. (1) of the act. These rulings seem to us to be sound, and the principle upon which they rest covers the present case." In the instant case, we think that the suit of Mr. Croker's son against the appellant was not directly connected with, nor did it proximately result from, the business of the firm. The case accordingly is not within the principle of that just cited.

The decision of the Board of Tax Appeals is affirmed.