HALL v. HELVERING, Commissioner of Internal Revenue.

BIRD v. SAME.

Nos. 6017, 6018.

Court of Appeals of the District of Columbia.

Argued Feb. 7, 1934.

Decided March 12, 1934.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Sewall Key, J. Louis Monarch, Louise Foster, E. Barrett Prettyman, F. B. Schlosser, and S. S. Faulkner, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

These cases arise upon the same facts and involve the same legal questions. They have been submitted together, and will be so treated in this opinion.

It appears that Joseph T. Bird, a resident of Kansas City, Mo., departed this life testate on September 8, 1918, leaving a large estate composed of real and personal property. The petitioners herein are the widow and daughter of the decedent and the sole devisees of his estate under his will.

The widow became executrix of the estate, and in due time filed a federal estate tax return on its behalf. The estate was finally closed pursuant to a court order on November 26, 1919. At that time, however, the estate tax had not yet been assessed, and an agreement was made by permission of the court whereby the petitioners agreed to pay the federal estate tax when the same became due. The assets of the estate were then paid over to them. Afterwards, the Commissioner of Internal Revenue assessed the estate tax in the sum of $309,679.93, and this was paid by the petitioners.

On September 19, 1925, the petitioners as "heirs at law and next of kin" of the decedent filed with the collector of internal revenue at Kansas City a refund claim in which they demanded a refund of $20,889.12 "of the Federal estate tax paid by them on behalf of the said estate." The claim was rejected by the Commissioner of Internal Revenue, whereupon petitioners filed suit upon the claim in the Court of Claims. Thereafter the refund claim was reconsidered by the Commissioner and was allowed in the sum of $16,000.32. The suit in the Court of Claims was then dismissed. Thereupon one-half of the refund allowance was paid by the Commissioner to each of the petitioners together with interest thereon to the date of payment.

The petitioners, in procuring the refund and interest, paid an attorney's fee in the sum of $5,657.21. In their respective income tax returns for 1928 each of the petitioners claimed a deduction in the sum of $2,828.61 for her one-half of this fee. The Commissioner disallowed petitioners' claims for deductions for the attorney's fee, and determined a deficiency accordingly in each return, whereupon an appeal was taken by the petitioners to the Board of Tax Appeals. The Board sustained the action of the Commissioner, whereupon the present case was filed in this court for a review of that decision.

It appears that the estate of Joseph T. Bird at the time of his death consisted of 12 separate pieces of real estate in Kansas City, valued at the total sum of $619,825; 501 shares of Emery, Bird, Thayer Dry Goods Company stock, valued at $876,750; 800 shares of Emery, Bird, Thayer Realty Company stock, valued at $600,000; mortgages and notes receivable, bonds and cash aggregating $486,397.56, and other miscellaneous items of property. After taking the deductions allowed by law, the net estate for federal tax purposes was returned at $2,112,668.71, which amount was subsequently increased by the Commissioner to $2,769,142.36, on which the aforesaid federal estate tax was assessed and paid. The Commissioner's increase in the net estate was due to his increasing the value of some of the assets over the value at which they were returned, and the refund was allowed on the ground that the Commissioner had overstated the value of the Emery, Bird, Thayer Realty Company stock.

Since the closing of the estate on November 26, 1919, petitioners have been actively engaged in managing and looking after the aforesaid 12 pieces of real estate and collecting the rents therefrom, and in collecting the income from the stocks, bonds, notes, and mortgages aforesaid, and in reinvesting the proceeds. The widow has been a director and president of the Emery, Bird, Thayer Dry Goods Company ever since the death of her

husband in 1918, though not actively engaged in the management of its affairs.

The sole question involved herein is whether the fees paid by petitioners to their attorney for services rendered in procuring the refund of the estate tax as aforesaid may be allowed as deductions in computing their individual income taxes.

The controlling provisions of the statute read as follows (Revenue Act 1928 (45 Stat. 791,799):

"Sec. 23. *Deductions from Gross Income.*—In computing net income there shall be allowed as deductions:

"(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *

"Sec. 24. *Items Not Deductible.*—

"(a) *General Rule.*—In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses." (26 USCA §§ 2023 (a), 2024 (a) (1).

Treasury Regulations 74 (promulgated under the Revenue Act of 1928) provide:

"Art. 282. *Capital Expenditures.*— * * * Expenses of the administration of an estate, such as court costs, attorneys' fees, and executors' commissions, are chargeable against the corpus of the estate and are not allowable deductions. * * *"

We cannot sustain the claim of the petitioners that the expenditures in question were incurred in carrying on a trade or business. It is true that the petitioners have been engaged in managing and collecting the rents from the real estate devised to them and in collecting the income from the stocks, bonds, notes, and mortgages bequeathed to them, and in reinvesting the proceeds from these sources. It is likewise true that the petitioner, Mrs. Bird, since the death of her husband, has been an officer in the dry goods company, although never actively engaged in its management. But we find no connection or relation whatever between the services rendered by the attorney for which the fees in question were paid and any of the business transactions carried on by petitioners. The services of the attorney were not rendered in the management or control of the assets of the estate after they were divided between the petitioners, but were rendered solely in collecting the refund due to the petitioners for the overcharge in estate taxes. Clara Hill Lind-

ley v. Commissioner of Internal Revenue, 26 B. T. A. 741; Commissioner v. Field (C. C. A.) 42 F.(2d) 820; Murphy Oil Co. v. Burnet (C. C. A.) 55 F.(2d) 17, 26; Hutchings v. Burnet, 61 App. D. C. 109, 58 F.(2d) 514; Williams v. Burnet, 61 App. D. C. 181, 59 F.(2d) 357; Croker v. Burnet, 61 App. D. C. 342, 62 F.(2d) 991; Brawner v. Burnet, 61 App. D. C. 352, 63 F.(2d) 129.

We therefore hold that the decisions of the Board should be, and they are, affirmed.