## JONES' ESTATE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9965.

Circuit Court of Appeals, Fifth Circuit.
April 6, 1942.

J. M. Wagstaff, of Abilene, Tex., and J. Marvin Haynes, of Washington, D. C., for petitioner.

Robert N. Anderson, Sewall Key, and J. Louis Monarch, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Roy N. McMillan, Sp. Asst. to Atty. Gen., both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

In the year 1937 Petitioner, as executor of the estate of Morgan Jones, paid $19,705.78 as attorneys' fees and other expenses incurred in the prosecution of a suit to cancel a cloud upon the title to certain real property belonging to the estate. The question before us for decision is whether or not this sum was an expenditure deductible as an ordinary and necessary business expense under Section 23(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 827.

Consistently since 1916 the Treasury Regulations have provided that the cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense. Congressional approval of this interpretation by reenactment of the applicable revenue statutes in successive acts in identical language gives to the regulation the efficacy of law.[1]

Judicial construction of the statute likewise has been in harmony with the regulation. The gist of the decisions in the vast majority of the cases involving the question has been that all sums expended toward the acquisition, protection, or preservation of title to property from or by means of which income is intended to be produced are capital expenditures.[2] We think these authorities truly speak the law, and that the Board of Tax Appeals reached the correct decision when it held this sum to be a capital expenditure and denied the deduction. To the extent, if any, that the decision of this court in Bliss v. Commissioner, 5 Cir., 57 F.2d 984, is in conflict herewith, it is overruled.

It is immaterial that this petitioner was required to defend the title long after the property was first acquired, and at a time when he reasonably might have expected to incur no additional title expense. The nature of a suit to cancel a cloud upon title to real estate remains constant whether the action be prosecuted at the time, or long after, the acquisition of title. It is a contest involving the ownership of the property itself, and the title to property held for profit is a capital asset.[3]

Furthermore, the deduction provided by Section 23(a), supra, is limited to the ordinary and necessary expenses paid or incurred in carrying on any trade or business. This expense was incurred by the petitioner as executor, pursuant to his duty to conserve and protect the estate pending final distribution. The performance of activities constituting the traditional duties of executors does not amount to carrying on a trade or business within the purview of the statute, and expenses incurred in connection therewith are deductible only from the gross estate, not from the gross income for any taxable year.[4]

The order of the Board of Tax Appeals is affirmed.

---

[1] United States v. Dakota-Montana Oil Co., 288 U.S. 459, 53 S.Ct. 435, 77 L. Ed. 893; Helvering v. Winmill, 305 U. S. 79, 59 S.Ct. 45, 83 L.Ed. 52.

[2] Hutchings v. Burnet, 61 App.D.C. 109, 58 F.2d 514; Croker v. Burnet, 61 App.D.C. 342, 62 F.2d 991; Brawner v. Burnet, 61 App.D.C. 352, 63 F.2d 129; Crowley v. Commissioner, 6 Cir., 89 F. 2d 715; Moynier v. Welch, 9 Cir., 97 F.2d 471. Cf. Southwestern Hotel Co. v. Commissioner, 5 Cir., 115 F.2d 686.

[3] Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Sec. 117 (a) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts, page 707.

[4] Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; City Bank Farmers Trust Co. v. Helvering, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227; United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231.