A. J. Rassenfoss v. Commissioner.
Rassenfoss v. Commissioner
Docket No. 5212.
United States Tax Court
1945 Tax Ct. Memo LEXIS 37; 4 T.C.M. (CCH) 1004; T.C.M. (RIA) 45338; November 13, 1945
M. Lester Reinwald, Esq., 160 N. La Salle St., Chicago, Ill., for the petitioner. Richard L. Greene, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $1,100.29 and $2,797.15 for the calendar years 1940 and 1941. The only issue is whether he erred in disallowing deductions of $2,087.37 and $4,467.06 as ordinary and necessary expenses of those years. Findings of Fact The petitioner is an individual who filed his income tax returns for the years 1940 and 1941 with the collector of internal revenue for the first district of Illinois. Julian Richmond, William R. Kohl, Jr., and the petitioner formed a partnership known as the Lincoln Bag Company *38 in 1928. Richmond sold his interest in equal shares to the other two in 1933. The business still continues and Kohl and the petitioner have always retained equal interests therein. The business consists of furnishing printed bags used mostly by the dry cleaning trade. The partnership agreements have always been oral. Lawson V. Campbell was brought into the business in 1928 to act as superintendent. The partners and Campbell had a rather vague and indefinite oral understanding at that time that he would be allowed to participate in some way in the earnings of the business. He made a claim in 1934 that he was an equal partner with Kohl and the petitioner. The petitioner denied that Campbell was a partner. Campbell instituted legal proceedings in 1939 against Kohl and the petitioner in which he claimed and sought adjudication that he was an equal partner with them. He prayed, inter alia, for appointment of a receiver, dissolution of the partnership and an accounting to fix the interests of the three partners in the assets and the profits since May 10, 1930. Kohl sided wih Campbell. The petitioner employed counsel to defend himself and his interests in the business, profits, and assets. *39 The litigation was settled by the parties in 1943 and the case was dismissed without any decision by the court. Campbell received under the settlement an interest of 1.75 per cent in the business and $14,346.78 representing earnings on his investment up to November 1, 1943. His rights as a partner were more limited than those of the other two partners. The petitioner paid his attorneys, in connection with the above described litigation, $2,087.37 in 1940 and $4,467.06 in 1941. He deducted those amounts on his returns. The Commissioner disallowed those deductions in determining the deficiencies. The amounts paid in 1940 and 1941 were not ordinary and necessary expenses of carrying on the petitioner's trade or business. Opinion MURDOCK, Judge: The petitioner contends that the attorneys' fees which he paid in 1940 and 1941 were ordinary and necessary expenses deductible either under 23 (a) (1) or (2), I.R.C. The Commissioner argues that the amounts were not oridnary and necessary expenses but were capital expenditures. It has been held that the purpose of section 23 (a) (2) was to give a deduction for ordinary and necessary expenses under certain circumstances *40 where they were not connected with any trade or business carried on by the taxpayer, but it was not intended to allow deduction for expenditures which were capital in their nature rather than ordinary and necessary expenses, and the test on that point is the same under (2) as it is under (1). Don A. Davis, 4 T.C. 329, affirmed 151 Fed. (2d) 441, (Oct. 15, 1945); Bowers v. Lumpkin, 140 Fed. (2d) 927, certiorari denied 322 U.S. 755; Helvering v. Stormfeltz, 142 Fed. (2d) 982; Mary L. Bingham Trust v. Commissioner, 325 U.S. 365, (June 4, 1945). These expenses were in connection with the partnership business which the petitioner was carrying on. Therefore, it is only necessary to decide whether or not they were ordinary and necessary expenses or whether they were in the nature of capital expenditures. It is at once apparent that these expenditures bore no special relation to the income of the business for the years 1940 and 1941. Their effect was more general. The real substance of the litigation by Campbell was a claim that he was an equal owner of the business with the petitioner and Kohl. He asked for certain *41 relief and remedies, all of which were general in their nature and did not refer particularly to the earnings or operations of the business during the years 1940 and 1941. Campbell was seeking a share of the earnings of the business for all years since 1930 at which time he claimed a partner, and he was also seeking an adjudication that he was a partner and owned a share in the assets and the business itself. While the precise nature of the suit is somewhat elusive, nevertheless, it was fundamentally a challenge to the petitioner's right and title to a part of the partnership business and properties. No good reason appears for charging all of these expenditures against the income for the two years in which the petitioner happened to pay a large part of his attorneys' fees in connection with the suit. It has been held that expenditures made in defense or protection of title to property are properly classified as an additional cost of the property to be recovered through exhaustion of the property or upon the disposition of the property. Morgan Jones Estate, 43 B.T.A. 691, affirmed 127 Fed. (2d) 231; Bowers v. Lumpkin, supra; James C. Coughlin, 3 T.C. 420; *42 Albert E. Schwabacher, et al., 43 B.T.A. 1177, affirmed 132 Fed. (2d) 516; Central Material & Supply Co., 44 B.T.A. 282, reversed on other grounds, sub nom. Farmer, et al. v. Commissioner, 126 Fed. (2d) 542; Burton-Sutton Oil Co., Inc., et al. v. Commissioner, 150 Fed. (2d) 621, (July 6, 1945). The cases cited by the petitioner, such as Kornhauser v. United States, 276 U.S. 145, Samuel D. Leidesdorf, 26 B.T.A. 881, and E. L. Potter, 20 B.T.A. 252, are distinguishable because the litigation in those cases related to the income and operation of the business rather than to the right and title of the taxpayer in and to the business and business properties themselves. We have already indicated that we will not follow Bliss v. Commissioner, 57 Fed. (2d) 984, which he cites. See Morgan Jones Estate, supra.Since we must decide whether this case falls more appropriately under these latter decisions or under the ones cited just previously, we have come to the conclusion that it falls within the former rather than within the latter. Decision will be entered for *43 the respondent.