### RASSENFOSS v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 9078.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1946.

M. Lester Reinwald, of Chicago, Ill., for petitioner.

Douglas W. McGregor, Asst. Atty. Gen., Sewall Key, A. F. Prescott, S. D. Hanson and Helen Goodner, Asst. to the Atty. Gen., J. P. Wenchel and Bernard D. Daniels, both of Washington, D. C., Bureau of Internal Revenue, for respondent.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition to review a decision of the Tax Court sustaining respondent's determination of deficiencies in the income tax of petitioner for the years 1940 and 1941. Such deficiencies were determined by disallowing deductions taken by petitioner in the sums of $2,087.37 and $4,467.06, representing money paid by him for legal fees and expenses in defending certain litigation affecting his co-partnership business interest.

Petitioner contended before the Tax Court, as here, that the deductions were proper either as ordinary and necessary business expenses under the provisions of Sec. 23(a) (1) or as a non-business expense under Sec. 23(a) (2) of the Internal Revenue Code as amended, 26 U.S.C.A. Int.Rev. Code, § 23(a) (1) and (2). Respondent contends that the expenditures thus made were for the purpose of protecting and defending his right and title to partnership business and property and therefore not deductible.

A statement of facts sufficient to show the nature and character of the expenditure in question is required. Petitioner, Julian Richmond and William R. Kohl, Jr. in 1928 formed a co-partnership known as the Lincoln Bag Company, and have since been engaged in the manufacture and sale of paper bags used principally by the dry cleaning industry. In 1933, Richmond sold his partnership interest to petitioner and Kohl, and as a result each became the owner of a 50% interest in said co-partnership. They so reported their respective interests in tax returns filed by the co-partnership from year to year. Petitioner reported substantial income from his one-half interest in the partnership, as is evidenced by the

fact that he reported $59,809.65 for the year 1940, and $67,157.44 for the year 1941.

In 1928, Lawson V. Campbell, a friend of Kohl, was brought into the business to act as superintendent. The exact terms of his entry into the business are not clear and perhaps not important. With reference thereto the Tax Court found: "The partners and Campbell had a rather vague and indefinite oral understanding at that time that he would be allowed to participate in some way in the earnings of the business." (The question as to Campbell's position in the business gave rise to the litigation, for the defense of which petitioner made the expenditures sought to be deducted.) Shortly after Richmond's sale of his interest in the partnership, an unfriendly relationship developed between petitioner and Kohl which resulted on one occasion in a fight.

Campbell in 1934, some six years after he became associated with the partnership, asserted for the first time that he was a general partner rather than an employee. His assertion was disputed by petitioner and supported by Kohl. On December 29, 1939, Campbell filed his complaint in Chancery in the Superior Court of Cook County, Illinois, naming as defendants petitioner, Kohl, and Lincoln Bag Company, a co-partnership composed of petitioner, Kohl and Campbell. By his complaint Campbell sought the following relief: (a) that a receiver be appointed to take over the partnership business; (b) that an accounting be had, and that the court should decree that he should receive such amount as such accounting would disclose he would be entitled to; (c) that a decree be entered determining and adjudicating his right in and to the partnership and its assets, and (d) that the co-partnership be dissolved.

Kohl filed an answer to said complaint, substantially admitting the allegations thereof. Petitioner employed attorneys for the purpose of contesting the suit. An answer was filed, denying substantially all the allegations of the complaint and particularly that Campbell had any interest in the co-partnership, was entitled to an accounting, the appointment of a receiver or to have the partnership dissolved. The matter was re-ferred to a Master in Chancery who, after hearing the testimony of all the parties, made a report finding that Campbell was entitled to a 1.75% interest in the partnership as against the 33⅓% interest claimed by him. Petitioner excepted to the Master's report, but subsequently the controversy was compromised and the report was neither approved nor disapproved. By the terms of the compromise Campbell was given a limited 1.75% interest in the partnership earnings and assets commencing the first day of November 1943, and in addition thereto the sum of $14,346.78, in full settlement against the partnership up to November 1, 1943.

Petitioner incurred and paid his attorneys in defense of the aforesaid suit the sum of $2,087.37 for the year 1940, and the sum of $4,467.06 for the year 1941. No question is raised as to the reasonableness of such fees. These are the items which the respondent, sustained by the Tax Court, held to be non-deductible.

The findings of fact as made by the Tax Court follow in the main those which we have recited. We think it is not inaccurate to state that there is no dispute concerning the facts as found except as to the finding that "the amounts paid in 1940 and 1941 were not ordinary and necessary expenses of carrying on the petitioner's trade or business." Obviously, if we are bound by this finding there is nothing to review for the reason that a taxpayer is not entitled to a deduction under either Sec. 23(a) (1) or (2) unless the expenditure is an "ordinary and necessary expense."

On the authority of Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S. Ct. 1232, 1235, 89 L.Ed. 1670, we are of the view that this so-called finding of the Tax Court presents a reviewable question. The question in the Bingham case was whether certain expenditures in connection with the "management * * * of property held for the production of income" were deductible under Sec. 23(a) (2). The court held that the question for decision involved the meaning of the words found in the statutory provision, and that (325 U.S. page 371, 65 S.Ct. 1235, 89 L.Ed. 1670) "They are therefore questions of law, decision of

which is unembarrassed by any disputed question of fact or any necessity to draw an inference of fact from the basic findings," and that "Decision of which by the Tax Court does not foreclose their decision by appellate courts * * * although their decision by the Tax Court is entitled to great weight."

Both petitioner and respondent cite a number of cases in support of their respective contentions, a study of which reveals that the line of demarcation between an "ordinary and necessary expense" as a deductible item and an expenditure incurred in defense of title to property and therefore not deductible is extremely narrow. In fact, in some of the cases it appears to have been drawn on an arbitrary rather than on a basis of reason or logic.

Petitioner places much reliance upon Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, wherein the taxpayer claimed as a deduction money spent for legal services. The situation before the court was so strikingly similar to that of the instant case that it seems pertinent to quote 276 U.S. page 151, 48 S.Ct. 220, 72 L.Ed. 505: "The petition alleges that the latter sum was paid by petitioner for attorney's fees incurred in the defense of a suit against him for an accounting instituted by his former co-partner, said suit growing directly out of the conduct of the partnership business, it being alleged by the co-partner that petitioner had collected fees or compensation for professional services performed during the existence of the partnership to a division to which the co-partner was entitled; that the alleged fees in fact consisted of stock in a corporation acquired subsequently to the dissolution of the partnership and not for services performed during its existence; that the defense to the suit was successful and the amount paid was a necessary expense incurred in connection with petitioner's business * * *."

In that case the deduction was sought under a provision of the Revenue Act identical with the present Sec. 23(a) (1). The government contended (276 U.S. footnote page 147, 48 S.Ct. 219, 220, 72 L.Ed. 505), as the Commissioner does here, that the expenditures were not "ordinary and neces-

sary expenses paid or incurred in carrying on any trade or business," that they were in defense of an accounting suit for the purpose of protecting property and that they were capital expenses. The Court of Claims sustained the government's theory. In reversing, the Supreme Court stated (276 U.S. page 152, 48 S.Ct. 220, 72 L.Ed. 505): "And it was an 'ordinary and necessary' expense, since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges." The court, referring to certain opinions of the Revenue Department, stated (276 U.S. page 153, 48 S.Ct. 220, 72 L.Ed. 505): "The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated, * * * proximately resulted from, his business, the expense incurred is a business expense within the meaning * * * of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case." The court also noted (276 U.S. page 152, 48 S.Ct. 220, 72 L.Ed. 505) that it made no difference whether the accounting was for services performed by the taxpayer during the existence of the partnership or after its termination. "In either view, the compensation constituted business earnings."

The Kornhauser case has been much cited. See Welch v. Helvering, 290 U.S. 111, 114, 54 S.Ct. 8, 78 L.Ed. 212; Deputy v. duPont, 308 U.S. 488, 495, 60 S.Ct. 363, 84 L.Ed. 416; Trust of Bingham v. Commissioner, supra, 325 U.S. 374, 65 S.Ct. 1232, 89 L.Ed. 1670. In the Welch case the court assumed that the expenses were necessary and, in considering whether they were ordinary, stated (290 U.S. page 114, 54 S.Ct. 9, 78 L.Ed. 212): "A lawsuit affecting the safety of a business may happen once in a lifetime. The counsel fees may be so heavy that repetition is unlikely. None the less, the expense is an ordinary one because we know from experience that payments for such a purpose, whether the amount is large or small, are the common and accepted means of defense against attack. [Citing the Kornhauser case.]" In the Trust of Bingham case, supra, in discussing the provisions of the Revenue Act

here in question, the court stated (325 U.S. page 373, 65 S.Ct. 1237, 89 L.Ed. 1670): "Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. [Also citing the Kornhauser case.]"

In Potter v. Commissioner, 20 B.T.A. 252, the taxpayer was interested in a chain of hotels, one of which was the Clarendon Hotel at Daytona Beach, Florida, in which he held a substantial stock interest. A mortgage foreclosure suit was instituted wherein the mortgage trustee sought an accounting, a receivership and the removal of Potter from control. In resisting such action Potter employed counsel and paid them from his own funds. The Tax Court stated the question involved thus (20 B.T.A. at page 254): " * * * whether an individual who is not named as a party defendant in an action, but who will be substantially affected by its result, may employ attorneys to defend it and protect his interests and deduct the expenditure as ordinary and necessary business expense." On the same page the court noted that the form of the action was not only for the enforcement of a mortgage "but sought to take the management of the hotel away from petitioner and put it into the hands of a receiver, thus jeopardizing his investment in * * * its stock." The court, in sustaining the taxpayer's right to a deduction, stated: "We think that there was a necessity that petitioner protect his interests, as his interests would be vitally affected by the litigation, and that he had a right to employ counsel and deduct the expenditure as a business expense. Fees expended in suits of this character are allowable as business expenses. [Citing the Kornhauser case.]"

Again, in Leidesdorf v. Commissioner, 26 B.T.A. 881, the Tax Court overruled the Commissioner's disallowance of a deduction claimed on account of attorney fees expended by the taxpayer. Without reciting the facts of the case, it is sufficient to quote the basis of the decision as follows (26 B. T.A. at page 883): "The proceeding instituted was an attack on his right to full enjoyment of his stock and was the direct re-

sult of a transaction forming a part of one of petitioner's business ventures. The expense involved in defending the action is one within the rule announced in Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, and is deductible as an expense paid in carrying on a trade or business."

■ Certainly there can be no room for argument under these authorities, particularly the Kornhauser case, but that the expenses incurred by the petitioner in the instant case were "ordinary and necessary expenses" paid during the taxable year in carrying on his business. Even so, however, the Commissioner contends that such expenditures "were more than mere ordinary business expenses" and that they are not deductible because made in protecting and defending petitioner's title to the partnership business and property. The Tax Court sustained this view. With all due deference thereto, we reach a contrary conclusion. In the first place, the factual basis for such a contention is more fanciful than real. Laying aside the legal question as to whether petitioner had any title to the partnership assets, it is perfectly plain, so we think, that the main and primary purpose of the suit which petitioner defended was for an accounting and any question of title was merely incidental thereto. This is borne out by the compromise which was finally effected, by which Campbell was awarded almost an infinitesimal and only a limited interest in the partnership.

In fact, there is less reason for holding that petitioner's expenditures were in defense of title than were the expenditures by the taxpayer in the Kornhauser case. There, the taxpayer, if he had been unsuccessful in the litigation, would have been required to give up corporate stock in which had been invested the profits of the partnership for which the accounting was sought. In the Potter case, supra, it was necessary for the taxpayer to defend the mortgage foreclosure suit in order to protect the corporate stock owned by him. Likewise, in the Leidesdorf case, supra, the taxpayer was also defending a suit which involved the ownership of stock in a corporation.

Many cases, however, are cited by respondent in support of its contention. We think in the main they may be distinguished either on the ground that the expenses were not incurred in connection with a trade or business, or that the matter of title was directly involved and not merely incidental, as in the instant case. An analysis of all the cases cited would unduly prolong this opinion but we shall refer to a few as illustrative. Respondent states that "the fundamental distinction between capital expenditures on the one hand and expense deductions on the other is clearly illustrated in Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52." There, the taxpayer was engaged in the business of buying and selling securities, and deducted from his gross income brokerage commissions paid and incurred in their purchase during the taxable year. The court held, favorable to the government's contention, that such commissions were part of the cost of acquisition of the securities and hence not deductible from gross income. The holding appears to be reasonable and logical but we are unable to discern its applicability to the instant case.

In Jones Estate v. Commissioner, 5 Cir., 127 F.2d 231, the taxpayer as the executor of an estate paid attorney fees and other expenses in the prosecution of a suit to cancel a cloud upon title to certain realty. In holding that the expenses were not deductible, the court placed its decision upon two grounds, (1) that the expenses incurred in a suit to cancel a cloud on title to real estate was a capital expenditure, and (2) that the taxpayer in the discharge of his duty as executor was not engaged in carrying on a trade or business within the purview of the statute. Thus it will be noted that the matter of title was directly involved; in fact, it was the sole issue in litigation. The case is clearly distinguishable from the instant one. In Moynier v. Welch, 9 Cir., 97 F.2d 471, 473, the court held that legal fees paid in defending taxpayer's right to royalties on land which he had leased to an oil company were not deductible because "Receiving royalties by the owner of land for oil produced by a company under an oil lease of the land is not within the intendment of the statutory expression 'carrying on any trade or business.'"

In Murphy Oil Co. v. Burnet, 9 Cir., 55 F.2d 17, a law suit was brought against the taxpayer to rescind a sale of oil land on the ground of fraud. The case was compromised by payment to the vendor of a large sum of money which the court held was in substance a deferred payment for the property and therefore essentially a capital investment. In Williams v. Burnet, 61 App.D.C. 181, 59 F.2d 357, 358, the property of the taxpayer had been taken by the City of New York in a condemnation proceeding with leave to the taxpayer to file a claim for compensation. It was in connection with such claim that expenses were incurred for which a deduction was sought. The decision against the taxpayer rests on the premise that the expenses were not incurred "In carrying on any trade or business." In Croker v. Burnet, 61 App.D.C. 342, 62 F.2d 991, the legal expenses which were held not to be deductible were incurred in defending a suit to set aside a deed transferring land from a husband to his wife (the taxpayer). In Commissioner v. Field, 2 Cir., 42 F.2d 820, the attorney fees were expended by the taxpayer in a suit to determine his interest under a will, and in Crowley v. Commissioner, 6 Cir., 89 F.2d 715, 718, the legal expenses were paid by the taxpayer, a minority stockholder under a testamentary trust, for services resulting in an acquisition of a greater interest in a corporation and in order to gain control thereof. The court held that the expenses were not incurred "As ordinary and necessary" business expenses.

We conclude that petitioner's expenditures were ordinary and necessary, paid in carrying on his trade or business, and that they were properly deductible. The decision of the Tax Court is, therefore, reversed.