**CROKER v. HELVERING, Com'r of Internal Revenue.**

**No. 6816.**

United States Court of Appeals for the District of Columbia.

Argued April 6, 1937.

Decided May 3, 1937.

Richard J. Mackey, of New York City, and Gregory Hankin, of Washington, D. C., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch, Sewall Key, Herman Oliphant, John H. Pigg, and E. W. Pavenstedt, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

An income tax appeal involving the years 1924 and 1925. Petitioner is the widow of Richard Croker, who died in 1922. In 1924 and 1925, she resided in Florida where she owned a valuable area of ocean-front land. The appeal concerns deductions claimed and disallowed for

(a) Money paid in 1924–1925 by petitioner as interest on debts;

(b) Money paid as attorneys' fees in connection with the business in which petitioner was engaged;

(c) A loss on account of a bad debt; and

(d) The disallowance of items of personal exemption.

■ First. The claimed deductions on account of interest were disallowed by the Board, principally on the ground that there was no proper evidence to sustain them. We have carefully examined the record and are of opinion the Board was right except as to a payment of a little more than $3,000 (641 English pounds) to Munster & Leinster Bank of Dublin in the year 1925. We think petitioner was entitled to a deduction on account of this payment. The Board held otherwise, basing its opinion wholly upon the certificate of the Bank admitted as a part of petitioner's evidence. The certificate is as follows:

"I, the undersigned, Manager of the Munster & Leinster Bank, Ltd. Dame St. Dublin, hereby certify that the sum of

Pounds 641:16 (say Six hundred and forty one pounds 16/Shg.) has been charged to Mrs. Bula Croker of Glencairn, Sandyford Co. Dublin, during the year ended 31st December 1925 as Interest, exclusive of commission and any other charges.

"This interest has been paid in full, by Mrs. Croker without deduction of Income tax."

The Board held this certificate insufficient on the ground that, while it showed petitioner had been charged with interest during the year 1925 and had paid the interest, the certificate was silent as to the precise date of payment; but in reaching its conclusion the Board ignored or else overlooked the uncontradicted evidence of petitioner herself that she had actually paid the interest to the Munster Bank in 1925. We are of opinion that the certificate of the bank, considered in connection with petitioner's own uncontradicted evidence as to payment in 1925, made out a case entitling her to this allowance.

■ Second. Petitioner claims allowance of $23,250 attorneys' fees paid in 1924, and of $7,500 in 1925, and of $350 advertising expenses in 1925. She claims that these expenditures were ordinary and necessary expenses in the conduct of her business as a real estate dealer. The Board denied all on several grounds, one of which is enough, viz.: that petitioner failed to show that she was engaged in the real estate business. Her testimony is that: "During the year 1925 my business consisted of selling real estate—selling my land. The land was Ocean frontage located at Palm Beach, Florida." We are of opinion that petitioner's efforts to sell her own property, in this case a strip of two miles of ocean front at Palm Beach, is not a trade or business within the intendment of the tax statute. See Phipps v. Commissioner (C.C.A.) 54 F.(2d) 469, and Pope v. Commissioner (C.C.A.) 77 F.(2d) 599. We, therefore, approve the ruling of the Board in this respect.

■ Third. The bad debt item, amounting to $13,500, is claimed as the result of an embezzlement. The Board held as to this: First, that it was not satisfactorily shown that the indebtedness existed; second, that in a prior opinion involving petitioner's claim for a prior year the Board had held that the agent (embezzler) had a valid claim of offset; and, third, that assuming the debt to exist, the proof does not show that it became worthless and was charged off within either of the taxable years 1924-1925.

The record shows that a similar claim for a deduction based on the same embezzlement, but in a larger amount, was made in connection with petitioner's income tax return for 1923. On appeal, the Board found that there was no proof of an embezzlement. In the present case all that we have is the Board's findings in the former case (made a part of the record here by stipulation) and petitioner's testimony that certain of her lawyers told her that there was no probability of collection from the agent in 1924 and 1925, because of his inability to pay. It also appears that at some unnamed date she sued the embezzler and obtained a judgment. In view of all of this, we should not be justified in saying that the Board erred in holding that there was lack of satisfactory proof to establish a worthless debt in 1925. Careful examination by us of the entire statement of evidence fails to show any basis for the claimed deduction of $13,500 or of any specific sum.

■ Fourth. Petitioner in her returns for each year claimed a personal exemption of $3,300. Of this amount $2,500 was as head of a family, and $800 allowance on account of the support of her dependent sister and dependent niece. The Board found that petitioner was the head of a family and allowed a deduction in the sum of $2,500, but denied the deduction of $400 each on account of her dependent sister and niece. This was correct as to petitioner's sister, but we think obviously incorrect as to petitioner's niece. The holding of the Board is that there was no evidence to show that the mother of the niece was not financially able to support her, but the uncontradicted evidence as it appears in the record is that petitioner's niece lived with her, was entirely supported by her, and had no other means of support. She was a child sixteen years of age and we think is brought well within the rule permitting a deduction of $400 for her support for each of the years in question.

In view of what we have said, we shall remand the case to the Board with instructions to correct the decision rejecting the deduction claimed by reason of the payment of the Munster & Leinster Bank interest and also by reason of the rejection of $400 allowance for the support of

the niece for the years 1924-25. In all other respects the findings and conclusion of the Board are affirmed.

Reversed in part; affirmed in part; and remanded.