**MOYNIER v. WELCH, Former Collector of Internal Revenue.**

**No. 8684.**

Circuit Court of Appeals, Ninth Circuit.

June 16, 1938.

J. Wiseman MacDonald and W. W. Wallace, both of Los Angeles, Cal., for appellant.

James W. Morris, Asst. Atty. Gen., Sewell Key, Lester Gibson, and Warren F. Wattles, Sp. Assts. to Atty. Gen., and Ben Harrison, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This case comes to us on appeal by the plaintiff, a taxpayer, from a judgment of the district court for the defendant, the Collector of Internal Revenue. The appel-

lee presents a motion to strike from the record the Bill of Exceptions. We shall go directly to that motion. The judgment was entered March 30, 1937; the term of court in which the judgment was entered ended Sept. 12, 1937. Judicial Code, § 72 (as amended), 28 U.S.C.A. § 145. The proposed Bill of Exceptions was presented to the court Sept. 21, 1937, and not before, and was signed and allowed Sept. 24, 1937. There is no issue upon these facts.

It was said in Exporters v. Butterworth-Judson Co., 258 U.S. 365, 368, 369, 42 S.Ct. 331, 332, 66 L.Ed 663, quoting from O'Connell v. United States, 253 U.S. 142, 146, 40 S.Ct. 444, 445, 64 L.Ed. 827,

"'* * * After the term [of court] has expired, without the court's control over the case being reserved by standing rule or special order, * * * all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end.' * * *

"In the present cause the terms as extended had expired before any action concerning the bill of exceptions was taken by either court or counsel. In such circumstances the court had no power to approve it, unless this could be conferred by mere consent of counsel. This they could not do."

The same point was raised in the case of United States v. Payne, 9 Cir., 72 F.2d 593, and decided the same way. The authorities are collected therein.

█ The only reason given here for not striking the Bill of Exceptions is that the parties entered into a stipulation that the Bill was correct and that the court might settle, allow and approve it. The Bill must be and is stricken, for neither stipulation nor court order nor both can revivify the court's power once it has expired. The rule is harsh but binding upon us.

█ The Bill of Exceptions having been eliminated from the case we proceed to examine the pleadings to see whether or not they support the judgment. Reilly v. Beekman, 2 Cir., 1928, 24 F.2d 791; United States v. Payne, supra, page 594. The pleadings are voluminous but for our purposes they may be stated as establishing through allegations of the plaintiff and ad-

missions of the defendant the following situation:

The plaintiff owned a ten acre lot in a subdivision called "Moynier Tract", Los Angeles County, California, upon which an oil company, having leased the land, drilled a well. Oil was secured in paying quantities. The only business in which the plaintiff was engaged was that of collecting his oil royalties and paying the taxes on the property he owned in said tract.[1] All of the income upon which he paid taxes came from such royalties. Serious litigation arose over his right to such royalties. The producing oil company sued to have settled whether it should pay the provided royalties wholly to plaintiff or divide it with others, who owned other lots in the same tract. The others claimed that the lease contemplated a division of the royalties. Appellant expended the sum of $36,937.10 in attorney fees and litigation costs in relation thereto. There is no question raised here as to the appropriateness or reasonableness of such expenditures. In turning in his income tax statement for the calendar year of 1929, appellant deducted the whole of such expenditure claiming the right to do so by virtue of section 23(a), Revenue Act of 1928, 26 U.S.C.A. § 23(a), which authorizes the deduction from gross income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

The Commissioner of Internal Revenue disallowed such deduction because, as he held, such expenditure was a capital item. The appellant waived his right to petition the United States Board of Tax Appeals for a redetermination; paid the tax assessed without the claimed deduction; made the proper claim for refund and brought suit in the United States District Court against the Collector of Internal Revenue for the sum he claimed should be refunded, amounting in taxes and interest to $9,973.02.

█ The authorities leave no doubt in the matter. Attorney fees and litigation costs in such circumstances are capital expenditures and are not deductible. Such expenditures were not "ordinary and necessary expenses paid * * * in carrying on any trade or business."

█ We hold in accord with Croker v. Helvering, 67 App. D.C. 226, 91 F.2d 299,

---

[1] This last sentence is taken from plaintiff's amended complaint, and although the answer denies it, the allegation was admitted to be true by counsel for the defendant at the oral argument.

that receiving royalties by the owner of land for oil produced by a company under an oil lease of the land is not within the intendment of the statutory expression "carrying on any trade or business." The receipt of money from the oil company which produced the oil under a lease of plaintiff's ground was no more a "business" than the selling of one's own real estate is a "business." The cited case holds that merely selling one's own real estate does not constitute a "business". Cf., Van Wart v. Commissioner, 295 U.S. 112, 55 S.Ct. 660, 79 L.Ed. 1336.

The payment of the attorney fees and litigation expenses is as much of a capital expenditure in this case as it was in Murphy Oil Co. v. Burnet, 9 Cir., 55 F.2d 17, 26, wherein this court affirmed the decision of the Board and quoted from its opinion with approval, as follows:

"To the extent that the expenses and payment were incurred and made in defense of the claim against the oil properties they were capital expenditures. We have repeatedly held that the cost of defending title, whether in the form of legal fees or compromise payments, is a capital expenditure representing additional cost of the property. * * *"

The case of Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, does not help the appellant. It holds that attorney fees are necessary and ordinary expenditures and are deductible where they proximately resulted from the taxpayer's business.

Affirmed.