HARRY WIEDETZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. M. RODGERS AND ALICE M. RODGERS (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 1107, 1108. Promulgated December 31, 1943.

*John W. Wiseman, C. P. A.*, for the petitioners.
*W. J. McFarland, Esq.*, for the respondent.

### OPINION.

SMITH. *Judge*: The question presented is whether the petitioners are entitled to deduct from their distributive shares of the partnership of Rodgers & Wiedetz the fines and court costs paid by them during 1940 in the amount of $1,696. Each partner claims the right to deduct one-half of that amount, or $848. It is claimed that the payment of these amounts constitutes an "ordinary and necessary" expense of carrying on their business.

The evidence is to the effect that the partners knew that they were carrying on a business which was unlawful under an ordinance of the city of Wheeling. They took into account the fact that their gambling establishments would be raided several times during each calendar year and would be required to pay fines and court costs. They considered the fines and court costs as necessary expenses of conducting their business. Section 23 (a) of the Revenue Act of 1938 permits the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The petitioners submit that the statute does not limit the deduction of ordinary and necessary expenses to the carrying on of a legal business and that the Commissioner's regulations also do not prohibit the deduction of such expenses as are involved herein.

In *United States* v. *Sullivan*, 274 U. S. 259, it was held that gains derived from a business in violation of a prohibition law were subject to income tax. In the concluding paragraph of the Court's opinion Mr. Justice Holmes stated: "It is urged that if a return were made the defendant would be entitled to deduct illegal expenses such as bribery. This by no means follows, but it will be time enough to consider the question when a taxpayer has the temerity to raise it." In a long line of cases it has been held that the payment of fines for violation of a law is not ordinary and necessary expense deductible from gross income. In *Israel Silberman*, 44 B. T. A. 600, it was said:

It is true that if petitioner had realized income or gains from his illegal gambling transactions such gain would be subject to income tax because of the broad definition of gross income set forth in section 22 (a), which covers gains or profits and income derived from any source whatever. *United States* v. *Sullivan*, 274 U. S. 259: *United States* v. *Yuginovich*, 256 U. S. 450; *Steinberg* v. *United States*, 14 Fed. (2d) 564. In spite of the seeming inconsistency, even though income derived from an illegal business is subject to tax, expenditures made in the carrying on of activities which in themselves are in contravention of law and illegal have been held to be not deductible as business expenses on grounds of public policy. *Great Northern Railway Co.* v. *Commissioner*, 40 Fed. (2d) 372; certiorari denied, 282

U. S. 855. In that case expenditures for the payment of fines for violating Federal statutes were said to have been made as a result of unlawful operations, prohibited specifically by statutes, and the court said, "It cannot be that Congress intended the carrier should have the advantage, directly or indirectly, of any reduction, directly or indirectly, of these penalties." Of course, the *Great Northern* case differs from this case, principally because the business of the taxpayer was a legal business in general and the infractions of law involved were only incidents in the conduct of business which generally was conducted in a lawful way. Here there are stronger reasons from the standpoint of public policy for denying petitioner business expense deductions for the sums expended for fees for the use of booths and for salaries for assistants. First, under section 986 of the Penal Law of New York it is illegal to let a booth be used for receiving or recording bets and it is illegal to assist in the receiving or recording of bets. The expenditures in the nature of rent and salaries were made for illegal occupancy and illegal services, as well as being made in the conduct of illegal gambling activities. * * *

Payments made for exerting political influence are not ordinary and necessary expenses. *Textile Mills Securities Corporation* v. *Commissioner*, 314 U. S. 326; *Rugel* v. *Commissioner* (C. C. A., 8th Cir.), 127 Fed. (2d) 393; *Harden Mortgage Loan Co.* v. *Commissioner* (C. C. A., 10th Cir.), 137 Fed. (2d) 282.

In support of their contention that the partnership is entitled to deduct the $1,696 here in question the petitioners cite *Heininger* v. *Commissioner* (C. C. A., 7th Cir.), 133 Fed. (2d) 567. It was there held that attorneys' fees and other charges paid in resisting a fraud order instituted against the taxpayer by the Post Office Department, which fraud order was sustained by the Circuit Court of Appeals, were nevertheless deductible from gross income. The decision of the Circuit Court of Appeals in that case was affirmed in an opinion handed down by the United States Supreme Court on December 20, 1943. The Supreme Court was of the opinion that in the circumstances of the case the amount paid as attorneys' fees was an ordinary and necessary expense, deductible from gross income. It said:

* * * Upon being served with notice of the proposed fraud order respondent [taxpayer] was confronted with a new business problem which involved far more than the right to continue using his old advertisements. He was placed in a position in which not only his selling methods but also the continued existence of his lawful business were threatened with complete destruction. So far as appears from the record respondent [taxpayer] did not believe, nor under our system of jurisprudence was he bound to believe, that a fraud order destroying his business was justified by the facts or the law. Therefore he did not voluntarily abandon the business but defended it by all legal means. To say that this course of conduct and the expenses which it involved were extraordinary or unnecessary would be to ignore the ways of conduct and the forms of speech prevailing in the business world. * * *

We note from the foregoing that the taxpayer Heininger was engaged in the carrying on of a lawful business. He was barred from the use of the United States mails because it was the opinion of the courts that his advertisements were extravagant and beyond the

truth. This did not mean, however, that he was not entitled to carry on his lawful business in a lawful manner. The business itself was not unlawful.

The Supreme Court observed that it has never been thought that the mere fact that an expenditure bears a remote relation to an illegal act makes it nondeductible.

It is clearly not the policy of the law to countenance the conduct of an illegal business. The payment of fines for violating a law is not an ordinary and necessary expense of doing business within the meaning of the taxing act. The determination of the respondent upon this point is approved.

*Decisions will be entered under Rule 50.*