James C. Coughlin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 822. Promulgated March 7, 1944.

*N. A. Eisner, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

ARUNDELL. *Judge*: The petitioner contends that the legal fee here involved was an ordinary and necessary expense paid for the conservation of property held for the production of income, within the meaning of section 23 (a) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942.[1]

The precise nature of the suit with which the petitioner was threatened is elusive because of the generality of the petition for the perpetuation of testimony. The petitioner has testified that he did not know the reason for the proceedings, but thought that the brother was on a "fishing expedition," attempting to discover some basis for a claim against the petitioner on behalf of the mother's estate. It is evident from the facts alleged by the brother that the basis for the contemplated action lay in the thought that the mother had some interest in the petitioner's business and that as to such interest the petitioner was a mere agent. Fundamentally, then, the suit contemplated by the proceeding was a challenge to the petitioner's title to the properties.

It has long since been established, under section 23 (a), that expenditures in defense of title to property constitute a part of the cost of the property, and are not deductible as expenses. The regulations have consistently so held, and court decisions have sustained the regulations. *Morgan Jones Estate*, 43 B. T. A. 691; affd. (C. C. A., 5th Cir.), 127 Fed. (2d) 231. That case concerned the deductibility of expenses incurred in a suit to remove a cloud upon the title caused by a forged mineral deed. The Circuit Court of Appeals for the Fifth Circuit said, in part:

---

[1] SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS.

(a) DEDUCTION FOR EXPENSES.—Section 23 (a) (relating to deduction for expenses) is amended to read as follows :

"(a) Expenses.—

\* \* \* \* \* \* \*

"(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

\* \* \* \* \* \* \*

(e) RETROACTIVE AMENDMENT TO PRIOR REVENUE ACTS.—For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section shall be effective as if they were a part of such revenue Act on the date of its enactment.

It is immaterial that this petitioner was required to defend the title long after the property was first acquired, and at a time when he reasonably might have expected to incur no additional expense. The nature of a suit to cancel a cloud upon title to real estate remains constant whether the action be prosecuted at the time, or long after, the acquisition of title. It is a contest involving the ownership of the property itself, and the title to property held for profit is a capital asset.

To the same effect are *Murphy Oil Co.*, 15 B. T. A. 1195; affirmed on this point, 55 Fed. (2d) 17; *Moynier* v. *Welch.* 97 Fed. (2d) 471; and *Central Material & Supply Co.*, 44 B. T. A. 282; affirmed on this point *sub nom. Farmer* v. *Commissioner*, 126 Fed. (2d) 542.

The petitioner, however, contends that the 1942 amendment extending deductibility to certain nonbusiness expense has altered the rule by the phrase "expenses paid or incurred * * * for the conservation * * * of property held for production of income," and in argument and on brief he relies heavily on *Lumpkin* v. *Bowers*, 50 Fed. Supp. 874. That case has now been reversed by the Circuit Court of Appeals for the Fourth Circuit in the case of *Bowers* v. *Lumpkin*, 140 Fed. (2d) 927, in which decision the court makes clear that the phrase upon which the petitioner here relies was not intended to abrogate the settled rule relative to expenditures in defense of title to property, and that such expenditures are capital items to be added to the cost of the property.

It follows that the expenditure for legal fees is not an allowable deduction under section 23 (a).

*Decision will be entered under Rule 50.*