WILLIAM A. FALLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6981. Promulgated June 10, 1946.

*John P. O'Hara, Esq.*, for the petitioner.
*William F. Robinson, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: The Commissioner disallowed the claimed deduction for the reason that the "$5,456.58 paid in defense of a patent is a capital expenditure." On brief the Commissioner contends that the expenditures involved were incurred in the defense of an action involving fundamentally an attack on petitioner's property rights in the Burch patents and, as such, they were incurred in defense of title and do not constitute ordinary and necessary expenses deductible under section 23 (a) of the Internal Revenue Code, as amended by section 121 of the Revenue Act of 1942. The reasonableness of the amounts paid is not questioned.

In the petition it is alleged that the amount of $5,456.58 paid for legal expenses in 1941 was incurred in defense of petitioner's right to hold income which had previously been paid to him as royalties for the use of certain patents; that, although plaintiffs in the suit involved also asserted a right to the ownership of certain patents, the main object of the suit was the income; and that, therefore, the entire amount was deductible for 1941 as an ordinary and necessary expense under section 23 (a) (2) of the Internal Revenue Code. However, on brief, petitioner contends that the amount of $5,456.58 was paid by petitioner in 1941 as his share of the expenses of a lawsuit which involved two patents of the aggregate value of $12,139.84 and the right to retain royalties of $181,210.28, received in previous years by petitioner and his associates, and that, therefore, 93.73 per cent of $5,456.58, or $5,114.45 is attributable to the defense of income and, as such, is deductible from his 1941 income under section 23 (a) (2), and that 6.27 per cent of $5,456.58, or $342.13 is attributable to the defense of title and is a capital expenditure, to be added to the cost of the patents.

Clearly the litigation involved title to the so-called Burch patents and it resulted in the transfer of the first Burch patent to Young Corporation and the loss thereof to petitioner and his associates or beneficiaries of the trust of which Burch was trustee, and the retention by them of the second Burch patent. Expenses incurred in the defense

of title to property are not deductible under section 23 (a) (2) of the Internal Revenue Code. *Bowers* v. *Lumpkin*, 140 Fed. (2d) 927, and *James C. Coughlin*, 3 T. C. 420.

Just as clearly the litigation also involved royalties in the amount of $181,210.28, representing the total amount of royalties paid by General Motors prior to the commencement of the litigation to Burch or his wife, as trustees, for the benefit of petitioner and his associates or other beneficiaries of the trust. Such royalties were income to petitioner and his associates when received.

In the alternative, the respondent contends on brief that, assuming that the main object of the litigation was income, the legal fees and expenses are nevertheless not deductible, because no income was produced by the expenditures nor was any collected and, hence, the fees and expenses were not "paid or incurred for the production or collection of income."

Sec. 23 (a) (2). The term "income" for the purpose of section 23 (a) (2) "comprehends not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years; and is not confined to recurring income but applies as well to gains from the disposition of property." Committee on Finance Report No. 163, 77th Cong., 2d sess., p. 87; Regulations 111, sec. 29.23 (a)–15. *In Trust u/w of Mary Lily (Flagler) Bingham* v. *Commissioner*, 325 U. S. 365, it was stated:

* * * Section 23 (a) (2) provides for two classes of deductions, expenses "for the production * * * of income" and expenses of "management, conservation or maintenance of property held for the production of income." To read this section as requiring that expenses be paid for the production of income in order to be deductible, is to make unnecessary and to read out of the section the provision for the deduction of expenses of management of property held for the production of income.

There is no warrant for such a construction * * *.

The royalties were collected as income and presumably were reported as income by petitioner and his associates in the years in which received. As stated in *Estate of Frederick Cecil Bartholomew*, 4 T. C. 349, 359 (appeal dismissed, 151 Fed. (2d) 534):

* * * It seems reasonable to hold that any litigation which sought to increase the production of income, or to protect the right to income produced, being produced, or to be produced, or to prevent others from acquiring a right, title, or interest, therein would be proximately related to "the production or collection of income" specified in section 121. * * *

It could not be seriously questioned that, if the licensing of the Burch patents by petitioner and his associates were a business within the meaning of section 23 (a) (1), expenses incurred in an action for

an accounting would have been deductible as an ordinary and necessary expense of the business. *Kornhauser* v. *United States*, 276 U. S. 145, wherein it is stated that:

\* \* \* In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other.

The respondent also argues that the fees and expenses paid were in the nature of personal expenses, since petitioner was named a party defendant for no other reason than that he was a coconspirator. Although the complaint filed in the suit alleged fraudulent conspiracy, the suit was in no sense a prosecution for a crime or an attempt to impose a penalty. Cf. *Harry Wiedetz*, 2 T. C. 1262. See *Helvering* v. *Hampton*, 79 Fed. (2d) 358; *Isaac P. Keeler*, 23 B. T. A. 467, cited with approval in *Commissioner* v. *Heininger*, 320 U. S. 467, wherein it is stated that, although a taxpayer who has violated a Federal or a state statute and incurred a fine or penalty is not permitted a tax deduction for its payment, "It has never been thought, however, that the mere fact that an expenditure bears a remote relation to an illegal act makes it nondeductible. The language of Section 23 (a) contains no express reference to the lawful or unlawful character of the business expenses which are declared to be deductible."

A portion of the legal fees and expenses is deductible as an ordinary and necessary expense paid during the taxable year for the production or collection of income under section 23 (a) (2). Because a portion of the legal fees and expenses was paid in defense of title, and therefore is not deductible, does not require the disallowance of the entire amount paid. *Helvering* v. *Stormfeltz*, 142 Fed. (2d) 982. See also *Edward Mallinckrodt, Jr.*, 2 T. C. 1128; affd., 146 Fed. (2d) 1, and *Estate of Frederick Cecil Bartholomew*, *supra*. The amount of the royalties involved was $181,210.28. The first patent had a value of approximately $4,000 at the time it was transferred to Young Corporation. The second patent in January 1944 was sold for $8,139.84. In the absence of evidence indicating what would constitute a more reasonable basis for allocation, the legal fees and expenses of $5,456.58 are to be allocated as suggested by petitioner in the proportion that the royalties of $181,210.28 and the aggregate value of the patents of $12,139.84 each bears to the total of such income and value of patents, 181,210.28/193,350.12 of $5,456.58 being allowable as a nonbusiness expense deduction.

*Decision will be entered under Rule 50.*