B. M. Spears v. Commissioner.
Spears v. Commissioner
Docket No. 11731.
United States Tax Court
1947 Tax Ct. Memo LEXIS 271; 6 T.C.M. (CCH) 303; T.C.M. (RIA) 47071; March 18, 1947
F. E. Hagler, Esq., Hagler & Lowrance, Memphis, Tenn., for the petitioner. S. Earl Heilman, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Petitioner challenges respondent's determination of a deficiency in income tax in the amount of $878.61, for the calendar year 1943. The sole issue is whether respondent erred in disallowing as a deduction from gross income sums expended by petitioner as attorney's fees, court costs, and other related expenses, in a proceeding to secure a portion of the estate of a deceased aunt. Petitioner, an individual residing in Memphis, Tennessee, filed his tax returns for the years 1942 and 1943 with the collector of internal revenue for the district of Tennessee. He claimed *272 deductions of $351.55 paid in 1942, and $1,250, paid in 1943, representing attorney's fees, court costs, and other expenses in connection with a will contest instituted by him in Birmingham, Alabama. The case involved his aunt's will, by which she devised and bequeathed all of her estate to a stranger, to the exclusion of petitioner, her only blood relative. This aunt had received all of her money from petitioner's grandmother, and it had been understood by all of the members of the family that upon the death of the aunt the estate in turn would pass to petitioner. The bulk of the estate consisted primarily of a series of notes in the face amount of $325 each, payable monthly, and bearing interest only after maturity thereof; they were secured by a mortgage. Petitioner retained counsel to contest the will and seek a share of the estate. He agreed to pay his attorney $250 as a retainer and one-third of any amount recovered. The case was finally settled out of court, upon petitioner's acceptance of the executor's offer of $5,000. Lacking cash in that amount, the executor settled by giving petitioner fifteen of the $325 notes and $125 in cash. With the exception of the first *273 note, which was paid about one month late, all of the notes have been paid when due, and petitioner has collected no interest on any of them. Payments on the notes were placed by petitioner as received in his general bank account and used for general purposes. As the Court commented in the similar case of Helvering v. Stormfeltz (C.C.A., 8th Cir.), 142 Fed. (2d) 982: * * * The expenses here are analogous to expenditures incurred for the purpose of protecting title to property. It has been held that under this amendment such expenses are not deductible because they are capital expenditures. This long established rule was in nowise impaired by the Bingham [1] case. Harold K. Hochschild, 7 T.C. 81. See James C. Coughlin, 3 T.C. 420, and cf. Olcese Kramer, 46 B.T.A. 951. Not only was petitioner's recovery here limited to property receivable by him through inheritance, Lyeth v. Hoey, 305 U.S. 188, and not to any extent inclusive of any income item, nor taxable to him as income, Internal Revenue Code, section 22(b)(3), but the property *274 itself was not income-producing and cannot on the present facts by any extension of the provisions of section 23(a)(2) be thought of as property held for the production of income. The disallowed deductions were accordingly "a cost of creating or acquiring property, or an interest therein itself," and not "an expense directly connected with the collection of income that was [petitioner's] by bequest," in the words, of Stella Elkins Tyler, 6 T.C. 135, 136. The deductions were properly disallowed. Decision will be entered for the respondent. Footnotes
1. Bingham v. Commissioner, 325 U.S. 365↩.