*Decisions will be entered for petitioners.*

GEORGE GORDON URQUHART AND MARY F. URQUHART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RADCLIFFE M. URQUHART AND MARION W. URQUHART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. K. B. URQUHART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36068, 36069, 36070. Promulgated September 9, 1953.

*Thomas M. Cooley, II, Esq.*, for the petitioners.
*Harold Weinstock, Esq.*, for the respondent.

VAN FOSSAN, *Judge:* The sole issue to be decided is the propriety of deductions taken by the petitioners as expenses in the suit brought by the Pyrene Manufacturing Company. The issue with respect to the traveling expense deduction taken by Radcliffe M. Urquhart has apparently been abandoned as no evidence with respect to this issue has been introduced and no argument made thereon.

Two of the three petitioners were issued mechanical foam patents relating to fire extinguishment equipment. The petitioners carried on the joint venture to develop and license these inventions. Title to the two patents was retained by Radcliffe M. Urquhart and George Gordon Urquhart, although they invested the joint venture with power to administer and license the patents. In 1938, petitioners notified Pyrene Manufacturing Company that in their view that company was infringing the patent. No further action was taken until 1943 when the petitioners instituted an infringement suit against a customer of Pyrene Manufacturing Company. Shortly thereafter Pyrene Manufacturing Company brought the suit which occasioned the expenses in question and the petitioners entered their counterclaim therein. It is the cost of this litigation which the petitioners seek to deduct.

It is well settled that expenditures made for the purpose of defending title are capital in nature and are not deductible as ordinary and necessary business expenses. *Moynier* v. *Welch*, 97 F. 2d 471; *James C. Coughlin*, 3 T. C. 420. This is true even though one purpose of the expenditure is to protect the right to income from the property in question. *Central Material & Supply Co.*, 44 B. T. A. 282, affirmed on this point *sub nom. Farmer, Trustee* v. *Commissioner*, 126 F. 2d 542. The parties do not disagree as to this proposition but conflict with respect to the classification of the expenses in question. The petitioners incurred these expenses in the suit brought by Pyrene Manufacturing Company seeking a declaration that the patents issued to the petitioners were void and invalid and that its apparatus did not infringe any valid claims. No question of title was thus raised by the suit, rather the validity and infringement of the patents with respect to Pyrene Manufacturing Company were put in issue. The petitioners' counterclaim sought an injunction against infringement and an accounting of profits and treble damages.

The petitioners contend that the nature of the suit was to claim and defend the right to income. The respondent contends that the peti-

tioners were defending the validity of their patents. The petitioners reply that the validity of the patents could not have put in issue in private litigation such as this, and cite *Bulldog Electrical Products Co.* v. *Cole Electrical Products Co.*, 148 F. 2d 792.

Without entering into a discussion of the merits of the petitioners' contention with respect to patent law, we are of the opinion that the taxpayers were engaged in defending a property interest, the *exclusive* right to make, use, and vend these inventions granted by the patents and were only incidentally engaged in seeking to collect income.

Pyrene Manufacturing Company, one of whose customers had been sued by the petitioners, brought its suit attacking the validity of the patents issued to two of the petitioners. A decision upon this issue would determine the validity of the patents at least with respect to the Pyrene Manufacturing Company. Without going into the question of the effect of this determination upon others, it is clear that a decision on this issue would determine whether the petitioners had the exclusive right, at least until that time to make, use, or vend the invention. This is necessarily true, since, if the Pyrene Manufacturing Company succeeded in the litigation, as it did, the petitioners lost their exclusive right to make and license the article invented. If the Pyrene Manufacturing Company failed in its attack on the validity of the patents, the petitioners would retain their *exclusive* right. As far as appears, no other challenge either to the validity or ownership of the patents existed. This exclusive right is a property interest, valuable over a period of years, and it is this right which is fundamentally in issue in the litigation. As in *Food Fair of Virginia, Inc.*, 14 T. C. 1089, wherein the expenses were incurred in defending the taxpayers' exclusive right to the use of a name, these expenses must be held capital in nature and not deductible as ordinary and necessary business expenses.[1]

It is true that the petitioners sought an accounting and treble damages as well as an injunction against infringement but the determination of the issues raised by the counterclaim was dependent upon the result reached as to the validity of the patents. The petitioners' right to damages and accounting could have accrued only on proof of validity of the patents as to the Pyrene Manufacturing Company. In the present instance, the question of an accounting and damages was merely incidental and the deduction must be disallowed. *Addison* v. *Commissioner*, 177 F. 2d 521, affirming a memorandum opinion of this Court entered August 31, 1948; *Safety Tube Corporation*,

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

8 T. C. 757, affd. 168 F. 2d 787; *Midco Oil Corporation*, 20 T. C. 587. The decision in *William A. Falls*, 7 T. C. 66, is inapplicable here to suggest an allocation between a nondeductible capital expenditure and an amount spent to retain income. The petitioners here had not received income which the opposing party sought to recover as was true in the cited case.

The petitioners' alternative contention that the litigation costs are allowable deductions as losses under section 23 (e) of the Internal Revenue Code [2] must also be denied. The amounts in question were expended in 1946 in an unsuccessful attempt to defend the petitioners' exclusive right to make, use, and vend the patented article. The expenditures do not constitute losses apart from their character as added capital costs incurred in defending this exclusive right. To be entitled to a loss deduction in 1946, the petitioner must point to some closed transaction such as a sale or other disposition or to an abandonment of the property rights of which the litigation expenses formed a portion of the cost. No sale, exchange, or other disposition of the petitioners' rights occurred in 1946. Although the court in the Pyrene Manufacturing Company litigation declared the patents invalid, the petitioners sought reversal of this decision in order to retain their property rights which reversal was denied in May 1949. Further review by the Supreme Court was denied in the same year. It cannot be said that an abandonment of the petitioners' property rights occurred in 1946. Nor would it be persuasive that the petitioners personally considered the patent rights lost in 1946 in view of their later actions. *Virginia Stage Lines, Inc.*, 16 T. C. 557. The facts reveal that the petitioners sought to obtain royalties upon the patent rights from National Foam System, Inc., in 1949 and litigation directed towards that end did not terminate until 1952. An affirmance of the judgment of the lower court in that proceeding was handed down in 1953. The petitioners instituted proceedings in 1949 asserting the validity of the patents in a suit against the United States. An adverse decision on this issue was reached in 1953. In 1949, George Gordon Urquhart assigned all his interests in the patents to his brother Radcliffe. It is evident that an abandonment did not occur during the taxable year and a loss deduction therefor may not be granted. See *Hart-Bartlett-Sturtevant Grain Co.*, 12 T. C. 760, affd. 182 F. 2d 153.

*Decisions will be entered for the respondent.*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions :

* * * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
(1) If incurred in trade or business ; or