Iowa Southern Utilities Company, a Corporation v. Commissioner.
Iowa Southern Utilities Co. v. Commissioner
Docket No. 84035.
United States Tax Court
T.C. Memo 1962-267; 1962 Tax Ct. Memo LEXIS 41; 21 T.C.M. (CCH) 1427; T.C.M. (RIA) 62267; November 16, 1962
*41 Held, allocation is approved of attorneys' fees and legal expenses of a derivative action taxed against petitioner based upon the recovery in such action of both income and capital. That portion of the fees and expenses attributable to the recovery of capital is not deductible as an ordinary and necessary business expense under section 162(a) of the Internal Revenue Code of 1954. Pennroad Corporation, 21 T.C. 1087, affd. 228 F.2d 329, followed. Charles T. Akre, Esq., and Robert Valentine, Esq., for the petitioner. Ivan L. Onnen, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's 1955 income tax in the amount of $111,019.06. All of the facts are stipulated and they are found accordingly. The only issue presented is whether petitioner is entitled to a deduction of $160,218.66 representing attorney fees that it paid in 1955 to the attorneys who successfully prosecuted a derivative action on its behalf and for and on *43 behalf of its stockholders. Petitioner is a Delaware corporation, formed in 1923, and engaged in manufacturing and transmitting electrical energy with its principal place of business in Centerville, Appanoose County, Iowa. It filed its 1955 income tax return with the district director of internal revenue at Des Moines, Iowa. On or about May 7, 1943, certain minority stockholders of petitioner, on behalf of themselves and other stockholders similarly situated and on behalf of petitioner, brought their derivative action in the District Court of Appanoose County, Iowa, against petitioner's majority stockholder, George M. Bechtel, and others, to recover losses sustained by the corporation by reason of the wrongful actions of its directors and others. The petition, as amended, alleged that George M. Bechtel and Harold R. Bechtel, in conspiracy, cooperation and connivance with others of the defendants, fraudulently and wrongfully and in breach of their fiduciary relations to petitioner in the acquisition of property for petitioner, secretly obtained it at prices greatly less than the prices at which it was turned into the company, and that the Bechtels and J. Ross Lee and other named *44 defendants wrongfully appropriated the excess consideration. The petition also alleged that the defendants, Edward L. Shutts, E. F. Bulmahn and others, without the authority or knowledge of the directors, wrongfully appropriated by means of a secret account in the Harris Trust & Savings Bank of Chicago many thousands of dollars of the company's funds. After extended litigation, involving in all three appeals to the Supreme Court of Iowa, it was finally ordered by the Supreme Court of Iowa ( Des Moines Bank & Trust Co. v. George M. Bechtel & Co., 243 Iowa 1007, 51 N.W. 2d 174, Jan. 8, 1952) that judgment be entered in said derivative action in favor of petitioner and George M. Bechtel, Harold R. Bechtel, and Estate of J. Ross Lee, because of their property acquisition manipulations, in the total sum of $2,211,549.68 with legal interest. [1] The Iowa Supreme Court also held that the secret salary paid to the defendant Edward L. Shutts, the then president of petitioner, was illegal and ordered judgment against him and in favor of petitioner in the sum of $46,728.29. *45 The petitioner has received to apply on the judgment against George M. Bechtel, Harold R. Bechtel and J. Ross Lee, a total of $487,655.03, as follows: 1953
$386,123.42
1954
101,531.61
Total
$487,655.03 The petitioner received from Edward L. Shutts the total sum of $67,219.30 as follows: 1953
$46,728.29
1954
20,491.01
Total
$67,219.30 Respondent included in petitioner's income for the year 1953 the sum of $39,339.98 being that portion of the recovery received by petitioner in that year for which it had received a tax benefit in previous years by reason of having claimed a deduction for salary paid Shutts, a portion of which salary was held to be illegal and which was the basis of the Shutts' judgment. Petitioner reported as interest income the $20,491.01 received by it in the year 1954. When reconciling the petitioner's general books to its tax records the balance of the monies received pursuant to the Des Moines Bank case was closed out to an asset account on the petitioner's general books entitled "Intangible Capital - Organization and Going Concern." With the exception of the amounts stated above relative to the Shutts' judgment no part *46 of these judgments or recoveries has been reported as income by the petitioner. On December 21, 1954, the attorneys who represented the stockholders who instituted the Des Moines Bank case and obtained the judgments, filed an application in the District Court in Appanoose County, Iowa, seeking an allowance of fees and expenses against the petitioner herein in connection with said litigation and collection on the judgments as above described, and on June 29, 1955, the Judge of said Court, after a full hearing on said application, entered a judgment and decree in the amount of $160,077.66 and court costs in the amount of $141 as against the petitioner herein and in favor of said attorneys. Petitioner paid the judgment for attorney fees and costs in the sum of $160,218.66 in 1955 and took deduction therefor from its gross income. Respondent, in his notice of deficiency, disallowed the deduction as not being "an ordinary or necessary business expense." Petitioner contends the legal expenses for the derivative suit are deductible under the provisions of section 162(a), Internal Revenue Code of 1954, which provides: *47 SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * It is a general rule of law, which both parties recognize here, that the plaintiff in a successful stockholders' suit is entitled to recover from the corporation his necessary legal expenses out of funds recovered for the corporation or on the basis of savings or benefits received. Fletcher Cyclopedia Corporations, Sec. 6045; Ontjes v. Mac Nider, 234 Iowa 208, 12 N.W. 2d 284; Charles Kay Bishop, 25 T.C. 969; Shoe Corporation of America, 29 T.C. 297; and B. T. Harris Corporation, 30 T.C. 635. Petitioner supports its contention by an argument that the expenditure was both ordinary and necessary and therefore it is deductible under the cited statute. But the statute also requires that the expenditure be for an item of "expense". Money spent by a corporation in acquiring or recovering capital is not an ordinary "expense of the operation of a business". Welch v. Helvering, 290 U.S. 111; *48 Pennroad Corporation, 21 T.C. 1087, affd. 228 F. 2d 329. The status of attorney's fees as to deductibility from income is to be determined by the recovery sought and obtained. The general rule is that if the legal expenses are incurred to recover income they are deductible and if they are incurred to recover capital in the form of property or money, they are not. Pennroad Corporation, supra; Helvering v. Stormfeltz, 142 F.2d 982. The recovery obtained in the derivative action here in the form of a money judgment could not be anything other than recovery of income or capital. Respondent argues all but the interest was a recovery of capital. Petitioner treated all but the interest as a recovery of capital for it did not report it as income. Petitioner makes no argument here that the recovery, other than the interest, was not capital. Petitioner disputes the existence of any general rule that legal expenses for the recovery of capital are not deductible. We think the rule is well settled by the authorities cited and cases cited in those opinions. This case is ruled by our opinion in Pennroad Corporation, supra. *49 There we held the $15,000,000 recovered in the settlement of two derivative actions "constituted a recovery of capital resulting in no income taxable to the petitioner." On the next issue as to the deductibility of the attorneys' fees under section 23(a)(1)(A), Internal Revenue Code of 1939 (now section 162(a), Internal Revenue Code of 1954) we said: Having found in the case at bar that the settlement represented recovery of capital, we think it clear that the fees and expenses paid in connection with that settlement were of a capital nature and may not be deducted as ordinary and necessary business expenses. Petitioner's only argument with respect to Pennroad Corporation is that it was wrongly decided, chiefly because it relied on cases involving deductibility of legal expenses by individuals under section 23(a)(2), Internal Revenue Code of 1939 (now section 212, Internal Revenue Code of 1954). When section 23(a)(2)was added to the business expense statute (section 121 of the Revenue Act of 1942) it did not enlarge the class of expenses deductible *50 under section 23(a). It merely enlarged the category of incomes from which the expenses could be deducted. Under either statute, now section 162 and section 212 of the Internal Revenue Code of 1954, the money paid must be for an expense as distinguished from a capital expenditure before any question of such payment being ordinary or necessary is reached. Bingham's Trust v. Commissioner, 325 U.S. 365; James C. Coughlin, 3 T.C. 420. [2]
Consistent with our holding in Pennroad, we hold that the legal expenses for recovery of what both parties treated as capital are not deductible. Respondent's determination of deficiency disallowed the entire legal expense. On brief respondent now states: On its 1954 return, petitioner reported as interest income the $20,491.01 received by it on the Shutts judgment. Furthermore, the petitioner paid tax on $39,339.98 in 1953 which was that portion of the recovery received by it in that year for which it had received a tax benefit in previous years by reason of having claimed *51 a deduction for salary paid Shutts. Thus, of the total recoveries of $554,874.33 petitioner has actually paid a tax on a total of $59,830.99, or approximately 10.7828 per cent. To be consistent with our theory that that part of the legal expense is deductible which is attributable to income and that part which is attributable to capital is nondeductible, it appears that a portion of the legal expense, approximating 10.7828 per cent, or $17,276.06, is deductible and the remainder is not. * * * Petitioner argues strenuously for the deduction of the entire amount of legal expenses but does not comment on the allocation now conceded by respondent. We hold $17,276.06 of the legal expenses are deductible and the remainder not deductible. Petitioner makes some alternative arguments which we have examined and which we find are without merit. One is that the fees and expenses were incurred in defense of an accounting action. It is true legal fees paid in defense of an accounting action against a corporation are generally deductible. It is not clear that accounting was sought against the corporation *52 here but at any rate plaintiffs were unsuccessful for no accounting relief was granted. Petitioner argues the legal expenses were paid in discharge of a judgment against the corporation. That does not automatically make the payment deductible as an ordinary and necessary expense of carrying on the business. The judgments in this case for attorney fees were entered in the very case the attorneys prosecuted, namely the Des Moines Bank & Trust Co. case, upon the application of the attorneys who were awarded the judgments. The payment of such judgments in favor of the attorneys would be no different in character from a voluntary payment of attorney fees. A final argument is made that presents the theory that the legal expenditure was made to recover lost or stolen property. The record just does not support a conclusion that the object of the derivative action was to recover the corporation's property that had been lost or stolen. Judgment for respondent that gives effect to the previously mentioned allocation will be entered under Rule 50. Decision will be entered under Rule 50. Footnotes
1. The parties stipulate: "It is agreed that for purposes of this proceeding, the facts found by the Supreme Court of Iowa in the above-captioned opinion are considered true and are incorporated herein by reference as part of this stipulation."↩
2. See also Deductibility of Legal and Accounting Fees by Ewing Everett, 6 N.Y.U. Tax Inst., pp. 616, 617.↩